# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-305V
UNPUBLISHED

STACEY STEPHENS POLLOCK,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: July 22, 2020

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

      On February 26, 2019, Stacey Stephens Pollock filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) as a result of receiving the influenza (flu) vaccination on October 28, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On July 21, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent concluded that Petitioner's alleged injury is consistent

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with SIRVA as defined on the Vaccine Injury Table. *Id.* at 4. Specifically, Respondent found that "[P]etitioner had no history of pain, inflammation or dysfunction of the affected shoulder prior to the vaccination; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain . . . . Additionally, based on the medical records outlined above, [P]etitioner suffered the residual effects of her condition for more than six months." *Id.* (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master